7199

BARR v. BARR.

FEES—COMMISSIONS.—A MASTER selling lands for partition under decree of the Court is entitled to commissions of two per cent. on the first $300 and one per cent. on the balance on the amount collected by him, and one-half of one per cent. on all amounts disbursed by him except his own costs and commissions.

Before DEVORE, J. Saluda, August, 1908. Affirmed.

Controversy as to commissions of master in partition suit of Lula M. Barr *et al.* against Capers G. Barr, Jr. From Circuit order, all parties to suit appeal.

*Messrs. R. T. Jaynes and LeGrand G. Walker,* for appellants. *Mr. Jaynes* cites: Code, 1902, 3113, 3118, 3108; 44 S. C., 175; 7 Stat., 241; 5 Stat., 157; 11 Stat., 149; Rev. Stat., 1873, 169; 16 Stat., 629; 17 Stat., 300.

*Mr. C. J. Ramage,* for the master, contra, cites: Code, 1902, 3107, 3113, 3118; 59 S. C., 340; 44 S. C., 174; Suth. Stat., Con., sec. 259.

May 25, 1909. The opinion of the Court was delivered by

MR. JUSTICE GARY. The following statement of facts is set out in the record: "The matter presented by the petition and answer in the above entitled action relates to the commissions of the master on sales of real estate sold on salesday in January, 1908, under decree in partition of the real estate of Capers G. Barr, Sr., deceased. On such sale all the real estate was purchased by Lula M. Barr, for the aggregate sum of eleven thousand five hundred and seventy dollars. The parties in interest contend that the commissions of the master on said sum of eleven thousand five hundred and seventy dollars is two per cent. for the first three hundred dollars, and one per cent. on the excess of said sum, aggregating one hundred and eighteen and 70-100 dollars. Before the commencement of this proceeding the said sum of one hundred and eighteen and 70-100 dollars had been paid to T. L. Edwards, master, out of the proceeds of the sale of said real estate. T. L. Edwards, master, claimed that he was entitled to one-half of one per cent. on said proceeds of sale, in addition to the two per cent. on the first three hundred dollars and one per cent. on the balance, except on his own costs, fees and commissions,

which said one-half of one per cent, was claimed for disbursing said proceeds. In order to facilitate the execution and delivery of the deeds to Lula M. Barr, purchaser of said real estate, the sum of fifty-seven and 85-100 dollars, an amount slightly in excess of amount claimed by said master, was deposited with M. T. Pitts, clerk of court, to await the determination of the question as to the commissions in dispute."

It was admitted that the funds were to be considered as passing through the master's hands.

His Honor, the Circuit Judge, ruled that the master was entitled to one-half of one per cent. on the entire amount disbursed by him, except his own costs, fees and commissions, in addition to the two per cent. on the first three hundred dollars, and one per cent. on the balance.

The only question raised by the exceptions is, whether said ruling was erroneous.

Section 3113 of the Code of Laws provides that masters "shall be allowed the same commissions for all moneys passing through their hands as are now allowed by law to sheriffs."

Section 3118 contains the provision that sheriffs shall be allowed "commissions on all moneys collected by them, if under three hundred dollars, two per cent.; if over that sum, two per cent. for the first three hundred dollars, and one-half of one per cent. on all sums paid to plaintiff, his agent or attorney, on execution lodged with the sheriff."

Our construction of this provision is, that it refers in the first instance, to commissions on moneys *collected* by the sheriff; and, secondly, to commissions on moneys which have not passed through the hands of the sheriff, but which have been paid to the *plaintiff*, his agent or attorney, by the judgment debtor.

Previous statutes on this subject show that the legislature has kept in view the distinction between commissions on moneys collected by the sheriff, and commissions on moneys

paid by the judgment debtor directly to the plaintiff. Commissions on moneys collected by the sheriff have always been larger than those upon moneys paid directly to the plaintiff by the judgment debtor.

In the fee bill of 1791 (Statutes at Large, Vol. V, page 157) we find the following under the head of "Sheriffs:" "For levying an execution on the goods of the defendant, and selling the same, for all sums where the debt does not exceed one hundred pounds, two and a half per cent. commissions; and for all sums where the debt exceeds one hundred pounds, one per cent.; in all cases where the defendant, after the sheriff may have levied on the property, shall settle with the plaintiff before actual sale, the sheriff in such cases shall be entitled to one-fourth per cent., besides all reasonable disbursements, and also fees for entering execution, but if the defendant shall pay the money to the sheriff, one per cent. in lieu of the one-fourth."

The following appears in the Revised Statutes of 1873, page 169: "Commissions on all moneys collected by him (the sheriff), if under three hundred dollars, two per cent.; if over that sum, two per cent. on the first three hundred dollars, and one per cent. on balance; one-half of one per cent. on all moneys paid out of office, on all executions lodged." The word "out" means "outside," and the provision last mentioned is practically the same as that now appearing in section 3118 of the Code of Laws.

There are other old statutes on this subject, likewise tending to show that this is the proper construction of that provision; and that the words "one-half of one per cent. on all sums paid to plaintiff," etc., are not applicable to the facts of this case.

There is, however, another provision of section 3118 which allows to sheriffs commissions for "transferring money, bonds or other securities for money to party, one-half of one per cent." On funds passing through the hands of the sheriff he is not only allowed commissions for collec-

tion, but also for "transferring" money in his hands to the party entitled thereto.

The parties to the action having agreed that the moneys are to be considered as having passed through the hands of the master, it necessarily follows that he is entitled to the additional commissions for which he contends.

It is the judgment of this Court that the judgment of the Circuit Court be affirmed.